RICHARD M. BARNETT, Esq.
Attorney at Law
#65132
105 West F Street, 4th Floor
San Diego, CA 92101
Telephone: (619) 231-1182

Attorney for Petitioner
BENJAMIN MACIAS

FILED
08 MAR 26 PM 3: 38
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

IN RE PETITION OF BENJAMIN MACIAS )
RELEASE OF SEIZED 2001 FORD EXPEDITION, )
CALIFORNIA LICENSE 4TQP865, )
)
)
)
BENJAMIN MACIAS, )
)
              Petitioner. )
)

Case No. 08 CV 0570 JM CAB

**PETITION OF BENJAMIN MACIAS FOR RELEASE OF SEIZED VEHICLE**

The Petitioner, BENAJMIN LIRA MACIAS, by and through his counsel, and pursuant to Title 18, United States Code, Section 983(f)(3)(A), hereby petitions this Court for the release of his 2001 Ford Expedition during the pendency of administrative and/or judicial forfeiture proceedings.

### STATEMENT OF THE CASE

On January 17, 2008, petitioner's vehicle was seized in San Diego, California pursuant to Section 274(b) of the Immigration and Nationality Act for a violation of Title 8, U.S.C. § 1324. On March 14, 2008, petitioner filed his Seized Asset Claim Form (see exhibit "A" attached hereto) and administrative Hardship Petition (see exhibit "B" attached hereto) with U.S. Customs and Border Protection.

On March 19, 2008, U.S. Customs and Border Protection, providing no explanation whatsoever, denied his administrative petition (see exhibit "C" attached hereto). This petition follows.

### STATEMENT OF THE LAW

On August 23, 2002, the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) went into effect. One of the main elements of the statute provides for the what is often referred to as a Hardship Release, a provision for the release of property during the pendency of the forfeiture proceedings. The 'release' provisions are found in Title 18, United States Code, Section 983(f), which provides as follows:

**(f)   RELEASE OF SEIZED PROPERTY**

**(1)** A claimant under subsection (a) is entitled to immediate release of seized property if -

**(A)** the claimant has a possessory interest in the property;

**(B)** the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;

**(C)** the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;

**(D)** the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and

**(E)** none of the conditions set forth in paragraph (8) applies.

In his petition to the U.S. Customs and Border Protection, Mr. Macias met all of the above requirements. He set forth and documented he is the registered owner of the vehicle. [18 U.S.C. § 981(f)(1)(A)] (see exhibit "B"). He further established his community ties by explaining he's been a resident of Los Angeles County for 31 years and has been a resident alien for 19 years. U.S.C. § 981(f)(1)(B)]. He also explained the continued possession by the government pending final disposition of forfeiture proceedings will cause substantial hardship to him for the following reasons. He uses his vehicle in connection with his work. He has a commercial drivers licence as well as a Medical Examiner's Certificate permitting him to use this vehicle to transport people for a fee. He's unable to engage in his business without this vehicle. He also needs this vehicle for the daily necessities of life, including picking his children up from school, going to the grocery store, doctor's appointments, etc. [18 U.S.C. § 981(f)(1)(c)]. Finally, he demonstrated that likely hardship from the continued possession by the Government of the vehicle outweighs the risk the vehicle will be destroyed, damaged, lost or transferred if it is returned to him during the pendency of the proceedings. Insurance has always been

maintained on the vehicle and will continue to be maintained should the vehicle be released. (See Exhibit "B" attached). [18 U.S.C. § 981(f)(1)(D)]. Nevertheless, U.S. Customs and Border Protection denied his petition. In the denial letter, (see exhibit "C" attached hereto) bordering on the offensive, the Office of Fines, Penalties and Forfeitures of U. S. Customs and Border Protection simply repeated the law applicable in these petitions and claimed that Mr. Macias had not demonstrated a "substantial hardship" as outlined in 18 U.S.C. Section 983 (f)(1). The denial made at no attempt whatsoever to explain why Mr. Macias' showing was inadequate. Furthermore, it relied on no facts and asserted no facts in support of this 'decision'.

As noted above, in spite of Mr. Macias clearly demonstrated hardship arising from the seizure of the vehicle, U.S. Customs and Border Protection had failed to return the release the vehicle. Congress has provided a remedy for such inaction. Title 18, United States Code, Section 983(f)(3)(A) provides:

> If not later than 15 days after the date of a request under paragraph (2) the property has not been released, the claimant may file a petition in the district court in which the complaint has been filed or, if no complaint has been filed, in the district court in which the seizure warrant was issued or in the district court for the district in which the property was seized.

18 U.S.C. Section 983(f)(5) further provides:

> The court shall render a decision on a petition filed under paragraph (3) not later than 30 days after the date of the filing, unless such 30-day limitation is extended by consent of the parties or by the court for good cause shown.

18 U.S.C. Section (f)(6) goes on to require the following:

> If -
>
> **(A)** a petition is filed under paragraph (3); and
>
> **(B)** the claimant demonstrates that the requirements of paragraph (1) have been met, the district court <u>shall</u> order that the property be returned to the claimant, pending completion of proceedings by the Government to obtain forfeiture of the property. (emphasis added).

Mr. Macias has met all of the above requirements. He has filed the petition under 18 U.S.C. Sections 983(f)(1) and (2), he had demonstrated that the requirements of paragraph (f)(1) have been met. Under these circumstances the statute calls for the court ordered release of the vehicle to him during the pendency of the forfeiture proceedings.

If the court grants this petition, the court may enter any order necessary to ensure that the value of the property is maintained while the forfeiture action is pending, including (1) permitting the

inspection, photographing, and inventory of the property; (2) fixing a bond in accordance with Rule E(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims; and (3) requiring the claimant to obtain or maintain insurance on the subject property. While it is petitioner's contention no bond is necessary in this case, she has no objection to permitting the inspection, photographing and inventory of the vehicle, nor requiring him to continue maintain insurance on the vehicle.

## **CONCLUSION**

Mr. Macias needs his vehicle so he can work and pick up his children from school. U.S. Customs' "response" to his administrative petition flies in the face of the intention of the statute, which was to provide redress for those with hardships. He has clearly demonstrated a need for the return of the vehicle.

For the foregoing reasons, it is respectfully submitted this court should order the release of Mr. Macias' vehicle to him during the pendency of administrative and/or judicial forfeiture proceedings.

Dated: <u>March 26, 2008</u>

Respectfully submitted,

_____
RICHARD M. BARNETT

Attorney for Petitioner
BENJAMIN MACIAS

# SEIZED ASSET CLAIM FORM

Seizure No.  2008 2501 000084

**I hereby request that the Government file a Complaint for Judicial Forfeiture of the seized property described below. I have filled in all three parts, as required.**

PART I

List all the items in which you claim an interest. Include sufficient information to identify the items, such as serial numbers, make and model numbers, tail numbers, photographs, and so forth. Attach additional sheets of paper if more space is needed.

One 2001 Ford Expedition, CAUS 4TQP865, VIN:1FMRU15W21LB69253

PART II

State your interest in each item of property listed above. Provide any documents that support your claim of interest, such as titles, registrations, bills of sale, receipts, and so forth. Attach additional sheets of paper if more space is needed.

I am the owner of the seized vehicle.

PART III (ATTESTATION AND OATH)

I attest and declare *under penalty of perjury* that the information provided in support of my claim is true and correct to the best of my knowledge and belief.

BENJAMIN LIRA MACIAS              March 13, 2008
Name (Print)                                    Date

*Benjamin Macias Sr.*
Signature

*A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. 1001 AND/OR 1621 AND IS PUNISHABLE BY A FINE AND UP TO FIVE YEARS IMPRISONMENT.*

# EXHIBIT B

# HARDSHIP PETITION
## [18 U.S.C. Section 983(f)(1)]

Seizure No: 2008 2501 000084

I, Benjamin Macias, am the owner of the seized 2001 Ford Expedition.

I petition for the release of the 2001 Ford Expedition pursuant to Title 18, United States Code, Section 983(f)(1) based on the following facts:

(A)   I am an owner of the vehicle;

(B)   I have sufficient ties to the community to provide assurance that the vehicle will be available at the time of trial. I have been a resident of Los Angeles County for 31 years and have been a resident alien for 19 years.

(C)   The continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to me for the following reasons. I use my vehicle in connection with my work. I have a commercial drivers licence as well as a Medical Examiner's Certificate permitting me to use this vehicle to transport people for a fee. I am unable to engage in my business without this vehicle. I also need this vehicle for the daily necessities of life, including picking my children up from school.

(D)   The likely hardship from the continued possession by the Government of the vehicle outweighs the risk the vehicle will be destroyed, damaged, lost or transferred if it is returned to me during the pendency of the proceedings. Insurance has always been maintained on the vehicle and will continue to be maintained should the vehicle be released.

I declare under penalty of perjury the foregoing is true and correct.

Executed this 13th day of March, 2008, at San Diego, California.

*[signature]*
BENJAMIN MACIAS

# EXHIBIT C



U.S. Customs and
Border Protection
9495 Customhouse Plaza
San Diego, CA 92154

2008 2501 000084
FP&F: SM

MAR 1 9 2008

Benjamin Lira Macias
c/o Richard M. Barnett
105 West F Street, 4th Floor
San Diego, CA 92101

    Re: 2001 Ford Expedition, VIN/1FMRU15W21LB69253

Dear Sir:

On March 14, 2008, you filed a request for the release of the above referenced vehicle pending the final disposition of forfeiture proceedings based on hardship pursuant to 18 U.S.C. § 983(f)(1). In the request, you state that the continued possession of this vehicle by the Government will cause substantial hardship to the claimant because you use the vehicle in connection with your work and use the vehicle to transport people for a fee. Additionally, you state that you need the vehicle for the daily necessities of life.

A claimant who has a possessory interest in a seized vehicle may secure its release pending the final disposition of forfeiture proceedings if he/she is able to demonstrate that: (1) he/she has sufficient ties to the community to provide assurances that the property will be available at the time of the trial; (2) the continued possession by the Government of the vehicle pending the final disposition of forfeiture proceedings will cause <u>substantial</u> hardship to the claimant; (3) the claimant's likely hardship outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and (4) the vehicle will not be used as evidence of violation of the law, or is not particularly suited for use in illegal activities, or is not likely to be used to commit additional criminal acts if returned to the claimant. See 18 U.S.C. § 983(f)(1) (emphasis added).

Substantial hardship, although not statutorily defined, is described as "preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless." See 18 U.S.C. § 983(f)(1). The Civil Asset Forfeiture Reform Act of 2000 (CAFRA), was enacted to "make federal civil forfeiture proceedings fair to property owners and to give owners innocent of any wrongdoing the means to recover their property and make themselves whole after wrongful government seizures." H.R. REP. No. 106-192 (1999). One of the "eight core reforms" of CAFRA was the "substantial hardship" provision which had the specified intent of preventing loss of business (if the property was used as a business and bankruptcy was a concern), loss of employment (if the property was a vehicle and its seizure prevented commute to work), and homelessness (if the property was a house). Id.

After careful consideration of your request, this office finds that you have not demonstrated that the continued possession by the Government of the vehicle in this matter rises to the level of "substantial hardship" as outlined in 18 U.S.C. § 983(f)(1). Thus, the request is denied. Pursuant to 18 U.S.C. § 983(f)(3)(A), your client may file a petition in district court once fifteen days have elapsed after the filing of your request.

Sincerely,

Neil H. Levy
Acting Fines, Penalties and Forfeitures Officer

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
BENJAMIN MACIAS

**DEFENDANTS**
UNITED STATES OF AMERICA

FILED
08 MAR 26 PM 3:38
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ CP _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Richard M. Barnett
105 West F Street, 4th Floor
San Diego, CA 92101

**ATTORNEYS (IF KNOWN)**

'08 CV 0570 JM CAB

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff     ☐ 3 Federal Question
                                     (U.S. Government Not a Party)

■ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX (For Diversity Cases Only)    FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

Hardship Petition. 18 USC 983(f)(1)

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ■ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

■ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $**

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ■ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ Docket Number _____

DATE 3-26-08

SIGNATURE OF ATTORNEY OF RECORD _____

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

cp

149126  $350  sc  3/26/08

```
            UNITED STATES
            DISTRICT COURT
        SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

         # 149126      - SH

           March 26, 2008
             15:40:20


          Civ Fil Non-Pris
    USAO #.: 08CV0870
    Judge..: JEFFREY T MILLER
    Amount.:                 $350.00 CK
    Check#.: BC0273



         Total-> $350.00


    FROM: MACIAS V. USA
```